25-2086-cv
*Garan v. 1199SEIU Benefit & Pension Funds*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of June, two thousand twenty-six.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> ROBERT D. SACK,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

Jozef Garan,

> *Plaintiff-Appellant,*

v.                                                                    25-2086

1199SEIU Benefit and Pension Funds,

> *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:                 Jozef Garan, pro se, Yonkers, NY.

**FOR DEFENDANT-APPELLEE:**  Gabriel A. Ristorucci, Assistant General Counsel, 1199SEIU Benefit & Pension Funds, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jozef Garan, proceeding pro se, appeals from the district court's judgment dismissing his complaint.  Garan sued his former union's pension fund, 1199SEIU Benefit and Pension Funds (the "Fund"), under the Employee Retirement Income Security Act of 1974 ("ERISA"), asserting that his pension benefits were miscalculated because he was not given credit for service before 2020.  The Fund moved to dismiss the complaint for failure to state a claim.  The district court granted the motion, reasoning that the pension plan documents gave the Fund discretion to determine eligibility and that Garan did not allege facts showing that the Fund's decision to deny his appeal of the pension benefits calculation was arbitrary or capricious.  *Garan v. 1199SEIU Benefit & Pension Funds*, No. 24-cv-7152 (ER), 2025 WL 2172644 (S.D.N.Y. July 31, 2025).  We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

2

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Because Garan "has been *pro se* throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

"In an action brought pursuant to section 502(a)(1)(B) of ERISA, a district court reviews a plan administrator's denial of benefits 'under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'" *Gibbs ex rel. Estate of Gibbs v. CIGNA Corp.*, 440 F.3d 571, 575 (2d Cir. 2006) (quoting *Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243, 249 (2d Cir. 1999)). "Where the plan reserves discretionary authority for the administrator, however, 'denials are subject to the more deferential arbitrary and capricious standard, and may be overturned only if the decision is without reason, unsupported by substantial evidence or erroneous as a matter of law.'" *Id.* (quoting *Kinstler*, 181 F.3d at 249); *see also Hobson v. Met. Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009). Here, the pension plan documents give discretion to the Fund's trustees and their designated fiduciaries to administer and interpret the

3

plan, so the district court properly applied an arbitrary and capricious standard.

Under that standard, Garan did not plausibly allege that the Fund's denial of his appeal was "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Gibbs*, 440 F.3d at 575 (quoting *Kinstler*, 181 F.3d at 249). The collective bargaining agreement establishes that Garan's employer had no obligation to pay into the Fund until January 1, 2020. The Fund's plan provided that employees' participation begins when the employer is required to make contributions, and only service *after* that point is generally credited toward benefits calculations. Consistent with that provision of the plan, Garan's benefits were properly calculated to account for the period when his employer was making contributions—that is, the period from January 1, 2020 until Garan's retirement. While in narrow circumstances the Fund's plan also provides credit toward benefits for pre-participation service, those circumstances are not present here.

Garan contends that the Fund's determination that his employer was not obligated to contribute to the pension fund before 2020 was unsupported by the collective bargaining agreement and was therefore arbitrary and capricious. Specifically, Garan asserts he had been a union member with pension benefits before 2020, when two unions merged and a new collective bargaining agreement came into effect. Garan is correct that his employer was paying into a pension plan before 2020.

4

But the collective bargaining agreement shows that the employer was not paying into *the Fund's* pension plan until that year. *See* Suppl. App'x at 3 (Garan's complaint alleging that his employer began making contributions to the Fund on January 1, 2020), 109 (collective bargaining agreement stating that, "[e]ffective January 1, 2020, the Employer shall participate in the 1199SEIU National Pension Fund for the Employees in the Bargaining Unit. Contributions shall commence on January 1, 2020 . . .").

While not relevant to our review in a motion-to-dismiss posture, we observe that before 2020 Garan's employer was apparently paying into a different plan: the Employees' Retirement Plan of NewYork-Presbyterian Lawrence Hospital (the "Old Plan"). *See id.* at 224 (email from NewYork-Presbyterian employee stating that Garan "became a participant under the Employee's Retirement Plan of NewYork-Presbyterian Lawrence Hospital" on March 1, 2010, and that "[f]rom 2009 through 2019, [Garan] earned credit service" toward his retirement benefits under that plan). We recognize, without opining on the merits of such a claim, that the Old Plan may owe Garan other pension benefits for contributions made before 2020 if he is not already receiving them. But those benefits are not managed by the Fund, which is the only pension-plan Defendant in this case.[1]

---

[1] In a letter submitted to this Court, Garan claims that the Fund's first monthly pension payment to him was for only $90. Dkt. No. 39 at 2. The record indicates, however,

5

We have considered Garan's remaining arguments and find them to be without

merit.　Accordingly, we **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

that the Fund had previously calculated Garan's monthly pension entitlement to be $99. Suppl. App'x at 239; *see also Garan*, 2025 WL 2172644 at *1 n.1 (noting that "[i]n approximately August 2023, the Fund recalculated Garan's benefit amount to $99 per month"); Suppl. App'x at 3 (Garan's complaint alleging a subsequent re-calculation of $94/month in pension benefits).　Nothing in our decision forecloses Garan from pursuing a claim arising from any such discrepancy.